IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,329






EX PARTE RAYMOND LEDEZMA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 46201-A IN THE 23RD DISTRICT COURT OF BRAZORIA
COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant pleaded guilty
to the felony offense of burglary of a habitation, and he originally received five years'
deferred adjudication community supervision. The State later filed a motion to proceed to
adjudication of guilt. Pursuant to a plea bargain agreement, Applicant pleaded true to the
allegations in the State's motion, and punishment was assessed at ten years' confinement,
with the State agreeing not to oppose a motion for shock probation. However, no motion for
shock probation was filed, and the trial court lost jurisdiction to impose shock probation after
180 days. See Tex. Code Crim. Proc. art. 42.12, § 6. 

 Applicant contends, inter alia, that he was denied the effective assistance of counsel
when counsel failed to file a motion for shock probation according to the plea agreement. 
The trial court entered findings of fact and conclusions of law recommending that Applicant
be granted an out-of-time hearing on a motion for shock probation. We think that other relief
is required. 

 The value of the sentencing options that the district court gave Applicant may have
changed significantly now that he has served more than seven months of his sentence. The
Applicant's choice of the ten-year sentence was based, at least in part, on the reasonable
expectation that he would be considered for probation no longer than 180 days after the
execution of his sentence actually began. The relief must include being freed from the
consequences of the decision to accept the ten-year sentence.

 Therefore this Court grants habeas corpus relief from the ten-year imprisonment
portion of the judgment and sentence in cause number 46201-A from the 23rd District Court
of Brazoria County. Applicant is remanded to the custody of the Sheriff of Brazoria County
so that the district court may conduct a new punishment hearing and other proceedings
consistent with this opinion.

DO NOT PUBLISH

DELIVERED: February 1, 2006